UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LAWRENCE E. EARLS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 1:11-cv-00435-TWP-TAB |
| CAROLYN W. COLVIN, | ) | |
| | ) | |
| Defendant.[1] | ) | |

**ENTRY ON MOTION FOR ATTORNEYS' FEES
UNDER THE EQUAL ACCESS TO JUSTICE ACT**

This matter is before the Court on the motion by Plaintiff Lawrence E. Earls, Jr. for an award of attorneys' fees and expenses under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), following the remand of this case to the Commissioner of the Social Security Administration ("Commissioner") for further proceedings. Mr. Earls requests a fee of $4,674.08, reflecting an hourly rate of $178.06 for 26.25 hours. Mr. Earls also requests court costs totaling $380.00, which includes a $30.00 *pro hac vice* filing fee. For the reasons discussed below, Mr. Earl's Motion (Dkt. 24) is **GRANTED**.

**I. DISCUSSION**

Section 204(d) of the EAJA, 28 U.S.C. § 2412(d), requires in a suit by or against the federal government that the court award to a prevailing party (other than the United States) his attorneys' fees and expenses, unless the court finds that the United States' position was substantially justified or special circumstances make an award not just. Financial means tests also affect eligibility for a fee award, § 2412(d)(2)(B), but those tests rarely come into play for a

---

[1] On February 14, 2013, Carolyn W. Colvin became Acting Commissioner of the Social Security Administration. Under Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is automatically substituted as the Defendant in this suit. No further action is necessary to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405 (g).

person seeking disability benefits under the Social Security Act. The party's motion to recover his fees must be timely and supported by an itemized statement from the party's attorney "stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). The amount of attorneys' fees must be reasonable and "shall be based upon prevailing market rates for the kind and quality of the services furnished," subject to a cap rate of $125.00 per hour plus an increase based on the cost of living if a fee higher than $125.00 is justified. 28 U.S.C. § 2412(d)(2)(A).

The Commissioner opposes Mr. Earls's motion on two grounds. First, she argues there is no authority for granting *pro hac vice* fees. Second, she argues that if the Court awards fees, it should not award fees directly to Mr. Earls's counsel until after the Court has first granted the award of fees to Mr. Earls and the Commissioner has determined whether Mr. Earls owes outstanding debt to the federal government. Importantly, the Commissioner has not challenged the justification or amount of fees requested.

As an initial matter, the Court finds that Mr. Earls has justified his hourly rate according to *Mathews–Sheets v. Astrue*, 653 F.3d 560, 563 (7th Cir. 2011). Mr. Earls's counsel supplied the Court with evidence of the Consumer Price Index for the Midwest urban region, as well as specific evidence that inflation has increased the cost of litigating cases by counsel's firm. This evidence satisfies *Mathews-Sheets*.

Turning to the Commissioner's objections, first, the Court agrees there is no authority supporting Mr. Earls's request for *pro hac vice* fees. However, 28 U.S.C. § 2412(d)(1)(B) allows for costs—including filing fees—attorneys' fees, and expenses of attorneys, if reasonable. The Court finds that the $30.00 *pro hac vice* fee is not unreasonable, nor has the Commissioner suggested it is unreasonable. Second, there is a valid assignment in this case directing payment

of fees directly to Mr. Earls's counsel. In light of *Astrue v. Ratliff*, 130 S. Ct. 2521, 2526–27 (2010), the Court directs the Commissioner to pay the awarded fees to Mr. Earls's counsel, unless within thirty (30) days the Commissioner files a statement with the Court, along with supporting evidence, that Mr. Earls owes an outstanding debt to the government as of the date of the award and it will exercise its right of offset.

## II. CONCLUSION

Accordingly, Mr. Earls's Motion for attorneys' fees (Dkt. 24) is **GRANTED**. The Commissioner has **THIRTY (30) DAYS** from the date of this Entry to file a statement with the Court, along with supporting evidence, that Mr. Earls owes an outstanding debt to the government as of the date of the award and it will exercise its right of offset. Otherwise, the Commissioner will pay the award of $4,674.08 for attorneys' fees and $380.00 in costs directly to Mr. Earls's counsel.

**SO ORDERED.**

Date: 05/03/2013

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Eddy Pierre Pierre
LAW OFFICES OF HARRY J. BINDER AND CHARLES E. BINDER, P.C.
fedcourt@binderandbinder.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov